**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| **ANGELA DENISE KITCHEN,**<br>4963 Trenton-Franklin Road<br>Middletown, Ohio 45042<br><br>-and-<br><br>**JERRY KITCHEN,**<br>4963 Trenton-Franklin Road<br>Middletown, Ohio 45042<br><br>Plaintiffs,<br>-v-<br><br>**DAVOL, INC.,**<br>C/o Statutory Agent<br>C T Corporation System<br>815 Superior Avenue, N.E.<br>Cleveland, OH 44114<br><br>-and-<br><br>**C.R. BARD, INC.,**<br>C/o Statutory Agent<br>C T Corporation System<br>815 Superior Avenue, N.E.<br>Cleveland, OH 44114<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO.** 1:08-cv-123<br><br>Judge ___________________<br><br><br><br><br><br><br><br><br><br>**COMPLAINT - WITH JURY DEMAND ENDORSED HEREON** |

Now come the Plaintiffs, ANGELA DENISE KITCHEN and JERRY KITCHEN, by and through counsel, and as their Complaint against the Defendants named herein state at follows:

NATURE OF THE ACTION

1. Plaintiffs bring this action against C. R. BARD, INC. (hereinafter "BARD") and its wholly owned subsidiary, DAVOL, INC., (hereinafter "DAVOL"), hereinafter referred to jointly and severally as "Defendants," for Defendants' sale and distribution of defective hernia

patches sold under the product names, Kugel® Hernia Patch, Bard® Kugel® Hernia Patch, and/or Bard® Composix® Kugel® Hernia Patch (hereinafter collectively referred to as "Kugel Patch"). The Defendants' defective product was surgically implanted into the body of the Plaintiff ANGELA DENISE KITCHEN.

## DESCRIPTION OF PARTIES

2. Plaintiff, ANGELA DENISE KITCHEN (hereinafter "Plaintiff") is an individual citizen and resident of the Butler County, Ohio. During the relevant time period Plaintiff had hernia repair surgery which included the implantation of a Kugel Patch into her body.

3. Plaintiff JERRY KITCHEN at all times relevant hereto was the lawful spouse of the Plaintiff ANGELA DENISE KITCHEN, and also a resident and citizen of the State of Ohio.

4. Defendant, DAVOL, INC., (hereinafter "DAVOL") is and was a wholly owned subsidiary of C. R. BARD, INC., with its principal place of business in Cranston, Rhode Island. DAVOL has a registered agent in Ohio as listed in the caption of this case. At all times relevant, DAVOL was a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business for manufacturing hernia surgical repair products in Cranston, Rhode Island. DAVOL designed, manufactured, tested, analyzed, distributed, recommended, merchandized, advertised, promoted, supplied and sold to distributors, physicians, hospitals and medical practitioners, certain hernia surgical repair products to be surgically implanted in patients throughout the United States, including in the State of Ohio.

5. Defendant, C. R. BARD, INC., (hereinafter "BARD") is a New Jersey corporation with its principal office and place of business in Union County, New Jersey, and at all times relevant designed, manufactured, tested, analyzed, distributed, recommended, merchandized, advertised, promoted, supplied and sold to distributors, physicians, hospitals and

medical practitioners, certain hernia surgical repair products to be surgically implanted in patients throughout the United States, including in the State of Ohio.

DESCRIPTION OF JURISDICTION

6. Plaintiffs allege and incorporate by reference each and every prior allegation contained in this Complaint as though fully set forth herein.

7. This Court has diversity jurisdiction over the parties pursuant to Title 28 U.S.C. §1332(a). No Defendant is a citizen of the same state as any Plaintiff; and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue in this judicial district is proper pursuant to Title 28 U.S.C. §1391 because Plaintiffs are residents of this judicial district; and Defendants are corporations that reside in any judicial district where its contacts would be sufficient to subject it to personal jurisdiction, which includes the Southern District of Ohio.

FACTS RELEVANT TO THIS CASE

9. Plaintiffs allege and incorporate by reference each and every prior allegation contained in this Complaint as though fully set forth herein.

10. The Kugel Patch was designed to treat a hernia that occurs when the stomach muscles do not contain the intestines and a rupture occurs.

11. Due to defects in the design and manufacturing of the Kugel Patch the device can break under the stress of placement of the product in the intra-abdominal space, can come loose and otherwise cause serious injuries as it travels through the body; and can become or as implanted is rigid and inflexible or unstable and movable, also causing pain and discomfort to the patient. The resulting injuries include: intestinal perforations; ring migration through the abdominal wall; abscesses; bowel obstruction and sepsis; and chronic intestinal fistulae

(abnormal connections or passageways between the intestines and other organs).

12. The Kugel Patch presents an unreasonable risk of danger and injury in the following respects: a) the memory recoil ring of the Kugel Patch is likely to malfunction after being implanted; b) the Kugel Patch was not properly manufactured; c) the Kugel Patch was defectively designed; d) the Kugel Patch did not perform as safely as an ordinary consumer/patient would expect; e) the Kugel Patch was inadequate or insufficient to maintain its integrity during normal use after implantation in the consumer/patient; and f) such further and additional defects as discovery and the evidence reveal.

13. As a result of this dangerous and defective condition and the numerous serious injuries that resulted the FDA issued the first Class 1 Recall of various lots of the Kugel Patches on December 22, 2005. The Class 1 Recall was expanded in subsequent recalls on March 31, 2006, and January 24, 2007. A Class 1 Recall is the highest level of recall available to the FDA. It is issued when the FDA believes a medical product is dangerous or defective and predictably could cause serious health problems or death.

14. At all times herein mentioned, Defendants knew, or in the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with proper warnings, were not suitable for the purpose they were intended and were unreasonably likely to injure the products' users.

15. Defendants did not timely apprise the public and physicians of the defect in their Kugel Patches, despite Defendants' knowledge that the product had failed due to the described defects. Defendants' concealment of a known defect from Plaintiff tolls the applicable statute of limitation. Plaintiffs did not discover the existence of a defect in the Kugel Patch implanted in

her until at least July 2006, when her physician first provided notice to her of the recall.

16. Defendants' conduct, as described in the preceding paragraphs, amounts to conduct purposely committed, which Defendants must have realized was dangerous, heedless and reckless, without regard to the consequences or the rights and safety of Plaintiff.

17. As a direct and proximate cause of Defendants' conduct and the recalled Kugel Patches, Plaintiff Angela Denise Kitchen has suffered injuries and pain and suffering of both body and mind and incurred medical expenses and lost wages.

18. Plaintiff Angela Denise Kitchen underwent a hernia repair surgical procedure on September 27, 2005, at Middletown Regional Hospital in Middletown, Ohio, and during the course thereof, her physician implanted a Kugel Patch into her body.

19. The Kugel Patch implanted in Plaintiff was designed, manufactured, sold and distributed by Defendants, and was intended to be used by surgeons for hernia repair surgeries. Defendants represented these Kugel Patches to be appropriate and suitable for such purposes.

20. Said Kugel Patch failed to function as it was designed and intended; and/or was designed defectively and negligently.

21. As a direct and proximate result of Defendants' defective design, manufacture, function and/or inadequate warnings regarding the Kugel Patch, the Kugel Patch inserted in Plaintiff's body caused her physical injuries, severe pain and suffering and mental anguish, medical expenses; and caused her to lose income..

22. The FDA recall of various categories of product codes and lot codes of the Kugel Patch included the Kugel Patch implanted in Plaintiff ANGELA DENISE KITCHEN.

## FIRST CLAIM FOR RELIEF

## OHIO UNFAIR AND DECEPTIVE TRADE PRACTICES

23. Plaintiffs allege and incorporate by reference each and every prior allegation contained in this Complaint as though fully set forth herein.

24. The Plaintiffs and Defendants are "persons" as defined by O.R.C. 4165.01(E).

25. During the course of the transactions between these parties, the Defendants, Defendants, and each of them, in the course of its business and occupation, represented that its goods or services were of a particular standard, quality, or grade, when they were in fact of another; and advertised its goods with an intent not to sell them as advertised.

26. The Defendants' conduct constituted a deceptive trade practice in violation of O.R.C. 4165.02(A).

27. As a direct and proximate result of the deceptive trade practices engaged in by the Defendants as described herein, the Plaintiffs have also suffered actual damages as previously stated; and have incurred reasonable attorney's fees in remedying the violation of the deceptive trade practices statute, collectively in excess of $75,000.00, all to their damage.

## SECOND CLAIM FOR RELIEF

## NEGLIGENCE

28. Plaintiffs allege and incorporate by reference each and every prior allegation contained in this Complaint as though fully set forth herein.

29. Defendants at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

30. Defendants at all times relevant knew or in the exercise of reasonable care should have known that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold,

supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Kugel Patch's users.

31. Defendants so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended.

32. Defendants were aware of the probable consequences of the Kugel Patch. Defendants knew or should have known that the Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Kugel Patch. Defendants willfully and deliberately failed to avoid those consequences, and in doing so, Defendants acted in conscious disregard for the safety of Plaintiffs.

33. Defendants owed a duty to Plaintiffs to adequately warn Plaintiff and Plaintiff's treating physicians of the risks of breakage, separation, tearing, splitting, shifting, etc., associated with the Kugel Patch and the resulting harm and risk it would cause patients.

34. Defendants breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

35. As a direct and proximate result of the duties breached the Kugel Patch used in the Plaintiff's hernia repair surgery failed, resulting in Plaintiff's injuries and damages.

36. As a direct and proximate result of DAVOL's and BARD's negligence, Plaintiffs has suffered injuries and damages as previously stated.

37. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that they were failing and not performing as represented

and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

THIRD CLAIM FOR RELIEF

STRICT LIABILITY

38. Plaintiffs allege and incorporate by reference each and every prior allegation contained in this Complaint as though fully set forth herein.

39. Defendants designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

40. The Kugel Patches subject to the Class 1 Recall were defective because they failed to perform safely and effectively for the purpose they were originally designed. Plaintiff's Kugel Patch was a Class 1 recalled device that failed while in Plaintiff's body, causing Plaintiff, ANGELA DENISE KITCHEN, to develop serious physical complications that required subsequent, painful and unnecessary surgical removal of her Kugel Patch.

41. At all times mentioned the Kugel Patch was substantially in the same condition as when it left the possession of Defendants.

42. The Kugel Patch implanted into Plaintiff, ANGELA DENISE KITCHEN, was being used in a manner reasonably anticipated at the time it was implanted in her by her surgeon.

43. The Kugel Patches at the time they left the possession of Defendants were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Plaintiff as follows: a) The Kugel Patch was sold in a defective condition by design and manufacture; b) The Kugel Patch as designed and manufactured was unsafe to Plaintiffs; c) The Kugel Patch as designed

and manufactured was unreasonably dangerous to Plaintiffs; d) The Kugel Patch did not perform safely as an ordinary consumer/patient, like Plaintiffs, would expect; e) The Kugel Patch as designed and manufactured was unsafe for its intended use; f) Defendants failed to warn the end user about the dangers and risks of the product; g) Defendants knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user; h) Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space; I) Failing to avoid migration of the Kugel Patch and/or its components from the initial site of the hernia repair surgery; j) Any other acts or failures to act by Defendants regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgery as will be learned during discovery.

44. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

45. As a direct and proximate result of the conduct described, Defendants are strictly liable to Plaintiff and Plaintiffs have as a result incurred the damages previously stated.

## FOURTH CLAIM FOR RELIEF

## BREACH OF IMPLIED WARRANTY

46. Plaintiffs allege and incorporate by reference each and every prior allegation contained in this Complaint as though fully set forth herein.

47. Defendants sold the Kugel Patch that was implanted in the Plaintiff, ANGELA DENISE KITCHEN. Defendants impliedly warranted to Plaintiffs, and to Plaintiff's physicians and healthcare providers that the Kugel Patch was of merchantable quality and safe for the use for which it was intended.

48. Defendants knew or should have known that the Kugel Patch at the time of sale was intended to be used by surgically implanting them into the body for hernia repair.

49. Plaintiffs, Plaintiff's physicians and health care providers reasonably relied on Defendants' judgment, indications and statements that the Kugel Patch was fit for such use.

50. When the Kugel Patch was distributed into the stream of commerce and sold by Defendants it was unsafe for its intended use and not of merchantable quality as warranted by Defendants in that it had very dangerous propensities when used as intended and implanted into a patient's body where it could cause serious injury of harm or death to the end user.

51. At all times relevant hereto, the Defendants were each a seller and a merchant with respect to the Kugel Patch, as defined by O.R.C. §1302.01(A) and others.

52. Said transaction included an implied warranty that the goods were merchantable, and according to the course of dealing and usage of trade, as provided by O.R.C. §1302.27 (U.C.C. §2-314).

53. The Kugel Patch did not conform and was not merchantable, in that it did not pass without objection in the trade under the contract description; and was not fit for the ordinary purposes for which said goods are used.

54. Plaintiffs suffered such injuries and damages as a direct and proximate result of DAVOL's and BARD's conduct and actions as previously stated.

<u>FIFTH CLAIM FOR RELIEF</u>

FAILURE TO WARN

55. Plaintiffs allege and incorporate by reference each and every prior allegation contained in this Complaint as though fully set forth herein.

56. In the course of their business, Defendants designed, manufactured and sold the Kugel Patch to Plaintiff's physicians for hernia repair surgeries.

57. At the time of the design, manufacture and sale of the Kugel Patch, and more specifically at the time Plaintiff, ANGELA DENISE KITCHEN, received the Kugel Patch, the Kugel Patches were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further, the Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Kugel Patch.

58. Defendants failed to provide warnings, labels or instructions of the Kugel Patch's dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. Defendants failed to warn of the known or knowable injuries associated with malfunction of the Kugel Patch, including but not limited to malfunction of the Kugel Patch and severe pain and injury which would require subsequent surgical procedures and could result in severe injuries.

59. The dangerous and defective conditions in the Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time Plaintiff ANGELA DENISE KITCHEN had hernia repair surgery the Kugel Patch was in the same condition as when manufactured, distributed and sold.

60. Plaintiffs did not know at the time of use of the Kugel Patch or at any time prior thereto of the existence of the defects in the Kugel Patches.

61. Plaintiffs suffered the aforementioned injuries and damages as a direct result of DAVOL's and BARD's failure to warn.

62. The Defendants' conduct in continuing to market, promote, sell and distribute the Kugel Patch after obtaining knowledge that the product was defective showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter Defendants and others from similar conduct.

## SIXTH CLAIM FOR RELIEF

## BREACH OF EXPRESS WARRANTIES

63. Plaintiffs allege and incorporate by reference each and every prior allegation contained in this Complaint as though fully set forth herein.

64. The Kugel Patch implanted in Plaintiff included express warranties concerning the condition of said goods and the obligations of the Defendants for said Patch.

65. The express terms of these warranties are partially in writing and partially oral. Complete written copies of all portions of the written agreement are not able to be located, or are too voluminous to attach, and are therefore not attached hereto, but will be available for exchange and inspection in discovery.

66. These express warranties were also created by affirmation of fact or promise made by these Defendants to the Plaintiff and to other buyers, which related to the goods and became a part of the basis of the bargain, and created an express warranty that the goods and services shall conform to the affirmation or promise.

67. Express warranties were also created by a description of the goods and services that were made a part of the basis of the bargain and created an express warranty that the goods and services shall conform to that description.

68. Express warranties were also created by a display or production of a sample or model that was made part of the basis of the bargain and created an express warranty that the whole of the goods shall conform to the sample or the model.

69. These Defendants' conduct, statements, affirmations, and promises, constitute express warranties pursuant to O.R.C. §1302.26 (U.C.C. §2-313) and under the common law.

70. These Defendants breached said warranties by producing and selling the Kugel Patch which did not conform to the affirmations or promises, did not conform to the descriptions, did not conform to the samples or models displayed, and these Defendants otherwise did not honor the terms and conditions of the express written warranties.

71. As a direct and proximate result of these Defendants' breach of their express warranties, the Plaintiffs have incurred the damages previously stated.

## SEVENTH CLAIM FOR RELIEF

## PRODUCT LIABILITY

72. Plaintiffs allege and incorporate by reference each and every prior allegation contained in this Complaint as though fully set forth herein.

73. Defendants, also jointly and severally referred to as "Manufacturer," were a manufacturer as defined in O.R.C. §2307.71, and designed, produced, created, made, constructed, manufactured and/or assembled the Kugel Patch.

74. The Kugel Patch was defective in manufacture pursuant to O.R.C. §2307.74.

75. The Kugel Patch was defective in design pursuant to O.R.C. §2307.75.

76. The Kugel Patch was defective by reason of a failure by one or more Defendants to provide an adequate warning or instruction pursuant to the provisions of O.R.C. §2307.76.

77. The Kugel Patch was defective because it did not conform, when it left the control

of one or more of the Defendants to an express representation made by said Manufacturer, with respect to its character, quality or safety, pursuant to the provisions of O.R.C. §2307.77.

78. A defective aspect of the Kugel Patch includes specifically use of the device causing it to become unreasonable rigid or unstable, in a place within the human body causing wear, failure, or otherwise causing pain and discomfort.

79. As a direct and proximate result of the defective condition of the Kugel Patch and the components incorporated and assembled into the subject Kugel Patch, the Kugel Patch caused the damages to the Plaintiffs previously alleged and described.

EIGHTH CLAIM FOR RELIEF

SPOLIATION OF EVIDENCE

80. Plaintiffs allege and incorporate by reference each and every prior allegation contained in this Complaint as though fully set forth herein.

81. At the time of or after the Plaintiff's surgery to remove the defective Kugel Patch a representative of one or both Defendants obtain and took possession of the device removed from the Plaintiff, Angela Denise Kitchen.

82. The Defendants, or one or them, engaged in the spoliation, by misappropriation, secretion, and/or destruction, of that physical evidence, necessary to and material to the Plaintiff's claims in this case.

83. As a direct and proximate result of the spoliation of evidence by the Defendant(s), the Plaintiffs have been deprived and denied and lost the chance and greater value of her claims and evidence in this case, and has and will continue to incur reasonable attorney's fees and other litigation expenses; all of which have incurred all to the Plaintiff's damage.

NINTH CLAIM FOR RELIEF

LOSS OF CONSORTIUM

84. Plaintiffs allege and incorporate by reference each and every prior allegation contained in this Complaint as though fully set forth herein.

85. As a further direct and proximate result of the Defendants' conduct alleged herein, the Plaintiff JERRY KITCHEN has lost the care, comfort, affection, and services of his spouse, Plaintiff ANGELA DENISE KITCHEN, all to his damage.

DEMAND FOR RELIEF AND JUDGMENT

**WHEREFORE**, the Plaintiffs, under all counts of this Complaint, pray the Court to grant judgment and orders as follows: A) An award of compensatory damages to Plaintiffs against all Defendants, jointly and severally, in the amount of $1,000,000.00, and punitive damages in the amount of $1,000,000.00, or some other amount appropriate to deter future wrongful conduct on the part of these Defendants and those similarly situated; B) An award to Plaintiffs of reasonable attorney's fees incurred in the processing of these claims and the protection of these rights, on behalf of the Plaintiffs; and C) The costs of this action, interest on the judgment, and any and all other relief to which the Court deems the Plaintiff entitled and appropriately awarded.

**THOMAS G. EAGLE CO., L.P.A.**
/s/ Thomas G. Eagle
**Thomas G. Eagle** (#0034492)
Counsel for Plaintiffs
3386 N. State Rt. 123
Lebanon, Ohio 45036
Tele: (937) 743-2545
Fax: (937) 704-9826
E-mail: eaglelawoffice@cs.com

JURY DEMAND

The Plaintiffs demand a trial by jury as to all issues triable herein.

/s/ Thomas G. Eagle
**Thomas G. Eagle** (#0034492)